IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**WILLIAM N. MILLER,**

       **Petitioner,**

    v.

**JEAN HILL,**

       **Respondent.**

Civil No. 07-1066-BR

OPINION AND ORDER

    **TODD H. GROVER**
    143 S.W. Shevlin-Hixon Dr.
    Suite 203
    Bend, OR  97702

        Attorney for Petitioner

    **JOHN R. KROGER**
    Attorney General
    **JONATHAN W. DIEHL**
    Assistant Attorney General
    Department of Justice
    1162 Court Street N.E.
    Salem, OR  97301

        Attorneys for Respondent

1 - OPINION AND ORDER -

**BROWN, Judge.**

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court **DENIES** the Amended Petition for Writ of Habeas Corpus.

## BACKGROUND

On October 24, 2000, a Benton County grand jury indicted Petitioner on three counts of Sexual Abuse in the First Degree and three counts of Unlawful Sexual Penetration in the First Degree.[1] Petitioner pleaded not guilty and waived his right to a jury trial.

On September 10, 2001, the case proceeded to a bench trial. The trial judge found Petitioner guilty of each of the charged offenses. On October 31, 2001, the trial judge sentenced Petitioner to concurrent 75-month prison terms on the three counts of Sex Abuse in the First Degree. On two of the Sexual Penetration in the First Degree counts, the judge imposed mandatory-minimum 100 month prison terms. On the final Sexual Penetration in the First Degree count, the judge imposed a upward durational departure sentence of 200 months. The three sexual penetration sentences were consecutive to one another, for a total term of imprisonment of 400 months.

---

[1] The facts underlying the indictment and subsequent convictions are set forth in the Court's September 28, 2009, Opinion and Order (#52).

2 - OPINION AND ORDER -

Petitioner filed a direct appeal, raising issues not currently before this Court. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *State v. Miller*, 190 Or. App. 305, 79 P.3d 418 (2003), *rev. denied*, 336 Or. 534, 88 P.3d 20 (2004).

Petitioner then sought state post-conviction relief ("PCR"). Following an evidentiary hearing, the PCR trial judge denied relief. Petitioner appealed, but again the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *Miller v. Hill*, 209 Or. App. 816, 149 P.3d 347 (2006), *rev. denied*, 342 Or. 503, 155 P.3d 874 (2007).

On July 23, 2007, Petitioner filed his habeas corpus action in this Court. Currently before the Court is Petitioner's Amended Petition for Writ of Habeas Corpus. In it, he alleges one claim for relief:

> [Petitioner] is entitled to federal habeas corpus relief for the reason that he was denied his right to the effective assistance of trial counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United Stated Constitution, when trial counsel failed to object to the imposition of a durational departure sentence pursuant to *Apprendi v. New Jersey*.

Respondent agrees Petitioner exhausted his available state remedies with respect to the claim before this Court. Respondent argues, however, that Petitioner is not entitled to relief because the state PCR court's decision denying relief on Petitioner's

3 - OPINION AND ORDER -

*Apprendi* claim was not contrary to or an unreasonable application of clearly established federal law.

## LEGAL STANDARDS

Under 28 U.S.C. § 2254(e)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, habeas corpus relief may not be granted on any claim that was adjudicated on the merits in state court, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court decision is not considered "contrary to" established Supreme Court precedent unless it "applies a rule that contradicts the governing law set forth in [Supreme Court cases]" or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003). A federal habeas court cannot overturn a state decision "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor*, 529 U.S. 362, 409 (2000).

4 - OPINION AND ORDER -

The Supreme Court has established a two-part test to determine whether a defendant has received ineffective assistance of counsel. Under this test, a petitioner must prove that counsel's performance fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-888 (1987).

To prove a deficient performance of counsel, a petitioner must demonstrate that trial counsel "made errors that a reasonably competent attorney as a diligent and conscientious advocate would not have made." *Butcher v. Marquez*, 758 F.2d 373, 376 (9th Cir. 1985). The test is whether the assistance was reasonably effective under the circumstances, and judicial scrutiny must be highly deferential, with the court indulging a presumption that the attorney's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

## DISCUSSION

Petitioner argues trial counsel provided constitutionally ineffective assistance of counsel because he did not object, pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2001), to the upward durational departure sentence. In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed

5 - OPINION AND ORDER -

statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

Following *Apprendi*, Oregon state courts and federal circuit courts understood "statutory maximum" to be the maximum punishment permissible under the range of statutory penalties allowed. *See Schardt v. Payne*, 414 F.3d 1025, 1035 (9th Cir. 2005) (collecting federal circuit court cases); *State v. Dilts*, 179 Or. App. 238, 39 P.3d 276 (2002), *aff'd* 336 Or. 158, 82 P.3d 593 (2003), *vacated by Dilts v. Oregon*, 542 U.S. 934 (2004). Four years later, however, the Supreme Court decided *Blakely v. Washington*, 542 U.S. 296 (2004).

In *Blakely*, the Supreme Court concluded that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 542 U.S. at 303. In other words, *Blakely* defined "statutory maximum" in this context to mean the applicable sentencing range under mandatory sentencing guidelines. *See, e.g., Bush v. Hill*, 2008 WL 4365206 (D. Or. 2008) (explaining effect of *Blakely* on Oregon's sentencing laws), *aff'd* 368 Fed. Appx. 840 (9th Cir. 2010).

Here, Petitioner was sentenced within Oregon's applicable statutory parameters, satisfying the then-extant interpretations of *Apprendi*. Because his sentence exceeded the presumptive sentence under the Oregon Sentencing Guidelines, however, the

6 - OPINION AND ORDER -

sentence violated *Blakely*. Nonetheless, it is well settled that *Blakely* does not apply retroactively to convictions which became final prior to that decision. *Schardt*, 414 F.3d at 1036.

Nevertheless, even though his sentencing took place three years before the *Blakely* decision, Petitioner argues counsel's services were constitutionally ineffective because counsel did not raise a *Blakely*-like objection to the upward durational departure in the wake of *Apprendi*. Petitioner argues that other attorneys did make such objections at the time, and that his attorney should have done so as well. This Court disagrees.

As indicated by the post-*Apprendi*, pre-*Blakely* decisions of Oregon state courts and federal circuit courts, "the rule announced in *Blakely* was clearly not apparent to all reasonable jurists, nor was it dictated by precedent." *Schardt*, 414 F.3d at 1035. "*Strickland* does not mandate prescience, only objectively reasonable advice under prevailing professional norms." *Sophanthavong v. Palmateer*, 378 F.3d 859, 870 (9th Cir. 2004) (citing *Strickland*, 466 U.S. at 690). Thus, a court reviewing an ineffective assistance of counsel claim cannot require that an attorney anticipate a decision in a later case. *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994).[2]

---

[2]The court notes this case is distinguishable from *Burdge v. Belleque*, 290 Fed. Appx. 73 (9th Cir. 2008), which Petitioner cites in support of his argument. In *Burdge*, the Ninth Circuit faulted an attorney for his failure to object to and challenge the

7 - OPINION AND ORDER -

As Petitioner notes in his Memorandum of Law, this Court previously rejected an argument similar to that advanced here. *See Reigard v. Hall*, CV 08-293-BR, 2009 WL 3518029 (D. Or. Oct. 21, 2009). There, the Court concurred with every other judge faced with this issue in this District and concluded that, because existing precedent did not support a Sixth Amendment objection at the time of Petitioner's sentencing, counsel's performance did not fall below an objective standard of reasonableness for his failure to raise such an objection. *Id.*, 2009 WL 3518029 at *3 (citing *Bufford v. Hill*, 2009 WL 1974442 (D. Or. 2009); *Losh v. Hill*, 2009 WL 1089478 (D. Or. 2009); *Zurcher v. Hall*, 2008 WL 3836301 (D. Or. 2008), *aff'd*, 2010 WL 2465128 (9th Cir., Jun. 15, 2010); *Dunn v. Hill*, 2008 WL 1967723 (D. Or. 2008), *aff'd*, 307 Fed. Appx. 83 (9th Cir. 2009), *cert. denied sub nom Dunn v. Nooth*, 129 S. Ct. 2798 (2009)).

Petitioner's situation is no different than that addressed in *Reigard* and the cases cited therein. Accordingly, the PCR trial court's decision denying relief on Petitioner's ineffective assistance of counsel claim was not contrary to or an unreasonable application of clearly established federal law.

## CONCLUSION

---

constitutionality of an ambiguous Oregon sentencing statute although the Oregon court had not interpreted the statute. In *Burdge*, statutes similar to Oregon's had been successfully challenged for many years in other states.

For these reasons, the Court **DENIES** the Petition for Writ of Habeas Corpus and **DISMISSES** this action.

The Court DENIES a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 29th day of September, 2010.

          /s/ Anna J. Brown
          ANNA J. BROWN
          United States District Judge